IN FEDERAL DISTRICT COURT FOR THE

NORTH CAROLINA - MIDDLE DISTRICT

| | |
|---|---|
| PUNCHARUCH PINNGAM, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL KEARNEY, an individual,<br><br>Defendant. | NO.<br><br>**COMPLAINT** |

COMES NOW Plaintiff PUNCHARUCH PINNGAM by and through counsel and alleges the following.

## I. INTRODUCTION

1. This is a lawsuit for immigration financial support under the Form I-864, Affidavit of Support. The Form I-864 was created by the United States Congress in 1996 to ensure that family-sponsored immigrants are ensured a basic level of financial wellbeing, sufficient to meet the most basic needs of life. In mandating the Form I-864, Congress required visa petitioner, rather than the American people, serve as a financial safety net to new immigrants.

2. The Form I-864 is a legally binding contract between the sponsor and the United States government, of which the intending immigrant is a third-party beneficiary.

3. Plaintiff is the Beneficiary of a Form I-864 signed by Defendant.

4. Defendants has failed to provide Plaintiff with the basic level of income support promised in the Form I-864 contract. This lawsuit seeks to compel the Defendant to fulfill the support duty mandated by the Form I-864 contract and federal law.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the federal Immigration and Nationality Act *See* 8 U.S.C. § 1183a(e)(I).

6. This Court has personal jurisdiction because Defendant resides in this District.

7. Additionally, this court has personal jurisdiction over Defendant as, by signing the Form I-864, Defendant submitted to the jurisdiction of any court with subject matter jurisdiction over Plaintiff's claims. 8 U.S.C. § 1183a(a)(1)(C).

8. Venue is proper in this District as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

## IV. PLAINTIFF

9. Plaintiff is a citizen of Kingdom of Thailand and lawful permanent resident ("LPR") of the United States of America. *See* Exhibit 2 (Plaintiff's passport).

10. Plaintiff resides in Liberty, North Carolina.

COMPLAINT – Page 2

## V. DEFENDANT

11. Defendant is a citizen of the United States of America.

12. As further alleged below, Defendant served as Plaintiff's immigration sponsor by executing a Form I-864, Affidavit of Support, thereby contractually promising to provide a specified level of income to Plaintiff.

13. Defendant resides in Whitsett, North Carolina.

## VI. FACTUAL ALLEGATIONS

**Background concerning the Form I-864, Affidavit of Support.**

14. United States immigration law has long prohibited immigration by individuals deemed likely to be a drain on public resources.

15. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

16. The Form I-864, Affidavit of Support ("Form I-864") is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. *See* 8 U.S.C. § 1182(a)(4)(C).

17. The only family-based immigrants who are exempt from submitting a Form I-864 are those who qualify for submit a Form I-864W, Request for Exemption for Intending Immigrant's Affidavit of Support. The Form I-864W is available primarily to intending immigrants who have previously been credited with at least 40 quarters of work in the United States.

18. Creation of the Form I-864 was mandated by Congress to ensure that certain classes of immigrants to the United States would be guaranteed a level of financial support necessary to meet basic human needs. *Cf.* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009.

19. The immigration agencies published interim regulations implementing the Form I-864 in the summer of 1997, which regulations were finalized in 2006. Affidavits of Support on Behalf of Immigrants, 62 Fed. Reg. 54346 (Oct. 20, 1997) (to be codified at 8 C.F.R. § 213.a1 *et seq.*) (hereinafter Preliminary Rules); Affidavits of Support on Behalf of Immigrants, 71 Fed. Reg. 35732 (June 21, 2006).

20. The Form I-864 has been mandatory in marriage-based immigrant visa cases at all times material to the case at bar.

21. The Form I-864 is a legally binding contract between the sponsor and the United States Government.

22. Signing the Form I-864, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size.

23. The Federal Poverty Guidelines are published annually in the Federal Register, which published numbers govern the claims asserted herein.

24. The Form I-864 support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof.

25. Signing the Form I-864, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Form I-864.

26. Signing the Form I-864, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Form I-864, and agrees freely and without any mental reservation or purpose of evasion to accept ach of those obligations in order to make it possible for the immigrant(s) listed in the Form I-864 to become lawful permanent residents of the United Staets.

COMPLAINT – Page 4

Case 1:20-cv-00601-UA-JEP Document 1 Filed 07/01/20 Page 4 of 12

27. The Form I-864 sponsor also agrees to notify the Government of any change in the sponsor's address within 30 days of the change by filing a Form I-865.

28. A sponsor's duties under the Form I-864 commence when the beneficiary becomes an LPR "based on" the Form I-864.

29. A Form I-864 sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract.

30. The sponsor's obligation under the Form I-864 conclude once the beneficiary becomes a U.S. citizen (the "First Terminating Event").

31. The sponsor's obligation under the Form I-864 concludes once the beneficiary has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event").

32. The sponsor's obligation under the Form I-864 concludes once the beneficiary is no longer a permanent resident and has departed the U.S. (the "Third Terminating Event").

33. The sponsor's obligation under the Form I-864 concludes once the beneficiary is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Forth Terminating Event").

34. The sponsor's obligation under the Form I-864 concludes once the beneficiary dies (the "Fifth Terminating Event").

35. In order to serve as a Form I-864 sponsor, an individual must demonstrate income at our above 125% of the Federal Poverty Guidelines (FPG) for the individual's household size.

36. To serve as a sole Form I-864 sponsor, a visa petitioner must be able to demonstrate household income at or above 125% of the FPG.

37. If the income of the visa petitioner is below 125% of the FPG, the individual may demonstrate that he or she owns assets equal to at least five times the income shortfall (or three times in the case of marriage-based case). Such assets must be convertible to U.S. cash within 12 months.

38. An immigration petitioner who lacks income sufficient to serve as a Form I-864 sponsor may obtain the assistance of an additional individual who agrees to serve as a "joint sponsor" by executing and filing an additional Form I-864, Affidavit of Support.

39. If the Government determines that the visa petitioner lacks sufficient income and assets to serve as a sole Form I-864 sponsor, the individual will be issued with a notice describing the financial deficiency and notifying the individual of the possibility of submitting an additional Form I-864 signed by a joint sponsor.

40. If the underlying family-based immigration case is permitted to proceed without a joint sponsor, this demonstrates the Government's determination that the visa petitioner has the ability to maintain household income, including the intending immigrant, at a level at least 125% FPG.

**Plaintiff's immigration to the United States.**

41. Defendant is a citizen of the United States of America.

42. Plaintiff is a citizen of Kingdom of Thailand. *See* Exhibit 2 (Plaintiff's Thai passport).

43. Plaintiff entered the United States on February 28, 2015 on a B1/B2 category visa. *See* Exhibit 2, p. 3.

44. Plaintiff and Defendant were married on May 9, 2015.

45. Defendant thereafter commenced the process of facilitating Plaintiff's immigration to the United States.

46. On June 7, 2015, Defendant signed a U.S. Citizenship and Immigration Services ("USCIS") Form I-130, Petition for Alien Relative (the "Form I-130"). See Exhibit 3 (Defendant's Form I-130 petition), p. 2.

47. The Form I-130 listed Plaintiff as the intending immigrant beneficiary of the petition. Exhibit 3, p. 1.

48. Defendant caused the Form I-130 to be filed with USCIS, which received the petition on or about July 20, 2015 and assigned it processing number MSC1591414504. Exhibit 3, p. 1.

49. By filing the Form I-130, Defendant had initiated the process of securing United States immigration status for Plaintiff.

50. The Defendant's purpose in filing the Form I-130 was to ultimately secure status as a Lawful Permanent Resident (LPR) for Plaintiff.

51. On July 14, 2015, Plaintiff signed a USCIS Form I-485, Application to Register Permanent Residence of Adjustment Status with USCIS. Exhibit 4 (Plaintiff's Form I-485 application), p. 6.

52. Under the "Application Type or Filing Category," Plaintiff indicated that the Form I-485 was a family-based based petition. Exhibit 4, p. 1.

53. Plaintiff caused the Form I-485 application to be filed with USCIS, which received the application on or about July 20, 2015 and assigned it processing number MSC1591414503. Exhibit 4, p. 1.

54. Plaintiff's Form I-485 application was based on Defendant's Form I-130 petition as but for Defendant's petition, Plaintiff would not have qualified to file the Form I-485 based on the class of admission listed therein.

55. An initial review of Plaintiff's Form I-485 application was conducted by agents of the USCIS National Benefits Center (NBC). *See* Exhibit 5 (National Benefits Center – Contractor Processing Review Checklist for AOS I-485s).

56. The NBC identified that Plaintiff had not filed a Form I-864, Affidavit of Support, with her Form I-485 application. Exhibit 5, p. 7.

57. Plaintiff did not qualify for any of the grounds that would have permitted filing a Form I-864W in lieu of the Form I-864.

58. On August 7, 2015 USCIS issued a Request for Initial Evidence (RFE) to Plaintiff in connection to her Form I-485 application. Exhibit 6 (Request for Initial Evidence).

59. The RFE informed Plaintiff that she was required to submit a "completed and Signed Form I-864) within 87 days. Exhibit 6, p. 1.

60. On September 1, 2015, Defendant signed a Form I-864, listing Plaintiff as the intending immigrant beneficiary. Exhibit 1 (Defendant's Form I-864), pp. 2 & 7.

61. Defendant caused the Form I-864 to be filed with USCIS in support of Plaintiff's Form I-485 application.

62. In support of the Form I-864, Defendant filed proof of his income in the form of documentation of his federal income tax filings with the Internal Revenue Service. Exhibit 1, pp. 13-24.

63. On October 10, 2015, the National Benefits Center marked Defendant's Form I-864 as "Reviewed/Qualified by NBC." Exhibit 1, p. 1.

64. On November 12, 2015, USCIS issued a notice to Plaintiff, informing her that she had been scheduled for an initial interview in connection to her Form I-485 application. Exhibit 7, p. 1 (Interview notice).

65. On December 21, 2015, USCIS approved Defendant's Form I-130 petition. Exhibit 3, p. 1.

66. On December 21, 2015, USCIS approved Plaintiff's Form I-485 application. Exhibit 4, p. 1.

67. Plaintiff was granted status as an LPR of the United States on December 21, 2015. Exhibit 8 (Plaintiff's Form I-551 Permanent Resident card).

**Defendant's breach of contract.**

68. Defendant's duties under the Form I-864 commenced on December 21, 2015.

69. Plaintiff's LPR status was based on Form I-864 signed by Defendant.

70. Plaintiff's LPR status was based on the Form I-864 because but for the fact that the Defendant submitted that Form, the Government would not have issued LPR status to Plaintiff.

71. Plaintiff's LPR status was based on the Form I-864 because the Defendant executed that document, caused it to be fled in support of Plaintiff's application for status as an LPR, and Government relied upon the existence of the Form I-864 in granting LPR status to Plaintiff.

72. Since December 21, 2015, Plaintiff's income has, from time to time, fallen beneath 125% FPG for the Plaintiff's household size.

73. The Defendant has failed to provide support necessary to ensure that the Plaintiff's income is at least 125% FPG since December 21, 2015.

**Facts concerning Terminating Events.**

74. No event has occurred that would constitute a Terminating Event under the Form I-864.

75. First Terminating Event has not occurred because Plaintiff has not become a U.S. citizen.

76. The Second Terminating Event has not occurred because Plaintiff has neither worked nor can receive credit for 40 quarters of work under the Social Security Act.

77. The Third Terminating Event has not occurred because beneficiary has not both lost status as a permanent resident and departed from the U.S.

78. The Forth Terminating Event has not occurred because the beneficiary is not both subject to an order of removal and has also applied for and obtained in removal proceedings a new grant of adjustment of status based on a new affidavit of support (if required).

79. The Fifth Terminating Event has not occurred because Plaintiff is alive.

80. Defendant's duties under the Form I-864 remain in effect.

## VII. CLAIMS FOR RELIEF

**1 – Breach of contract.**

81. Plaintiff re-alleges and incorporates all paragraphs above as though fully stated herein.

82. By executing the Form I-864, Defendant entered into an express written contract with the United States Government.

83. Plaintiff is a third-party beneficiary of the Primary Sponsor I-864 Contract.

84. Plaintiff has standing as third-party to enforce his rights under the Primary Sponsor I-864 Contract.

85. Under the express terms of the Form I-864 Defendant agreed to provide Plaintiff with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size.

86. Defendant's responsibility to provide income support commenced on December 21, 2015 when Plaintiff became a lawful permanent resident of the United States.

87. All conditions precedent to Defendant's duty to perform on the Form I-864 were fulfilled as of December 21, 2015.

88. Defendant has breached the Form I-864 contract by failing to provide income support to Plaintiff.

89. As a result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial.

## VIII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A. Entry of judgment against the Defendants and in favor of Plaintiff each and every cause of action asserted herein;

B. An award of actual damages in an amount equivalent to 125% of the Federal Poverty Guideline for a household size of one for the period from December 21, 2015 to the date on which judgment issues;

C. A declaration that Plaintiff is entitled to continued receipt of financial support from Defendants in the amount of 125% the Federal Poverty Guidelines for his household size, less actual income, until the occurrence of one of the Terminating Events.

D. An order of specific performance, requiring Defendants to make monthly payments to Plaintiff for the amount set forth in Paragraph C above, until such time as a Terminating Event occurs.

E. An award of all Plaintiff's attorney fees;

F. An award of all Plaintiff's costs;

G. The right to amend this complaint to conform to the evidence presented at trial; and

H. Such other and further relief in Plaintiff's favor as the Court may deem just and equitable under the circumstances.

DATED: June 30, 2020,

By: /s/Valeria Cesanelli
    Valeria Cesanelli
    SBN 45735

MORGAN & CESANELLI LAW
1051 Pemberton Hill Road, #102
Apex, NC 27502

Tel. (919) 923-1577
valeria@morgancesanelli.com

By: /s/Greg McLawsen
    Greg McLawsen, WSBA #41870
    *Pro hac vice application*
    *impending*

IMMIGRATION SUPPORT ADVOCATES
Physical office:
724 S. Yakima Ave., Suite 100
Tacoma, WA 98405

Mailroom:
113 Cherry St., ECM# 45921
Seattle, WA 98104-2205

Tel. (844) 557-3646
greg@i-864.net

*Attorneys for Plaintiff Puncharuch Pinngam*